**E-FILED**
Friday, 05 November, 2004 01:16:21 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

**FILED**

NOV - 4 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 04- |
| | ) | |
| v. | ) | 18 U.S.C. § 287 |
| | ) | 18 U.S.C. § 1001 |
| SHERRIE P. RENKEN, | ) | 18 U.S.C. § 1341 |
| | ) | |
| Defendant. | ) | |

## INDICTMENT

### THE GRAND JURY CHARGES:

#### COUNT 1

1.    The Medicaid program of the United States and the State of Illinois was established in 1965 to provide medical assistance to indigent persons. At all times material herein, the Illinois Department of Public Aid (IDPA) administered the Medicaid program for the State of Illinois. The United States of America provided approximately one half of the money for the Medicaid program, with the remaining cost provided by the State of Illinois.

2.    IDPA established procedures in accordance with the regulations of the United States Department of Health and Human Services (HHS) to compensate providers of medical services. One of these services was medical transportation. As part of this, the IDPA established guidelines to provide compensation to individuals or companies to transport certain qualified individuals to medical providers

3.    The primary method for billing Medicaid was to bill the service provided by use of a "code" or number which described the service provided. IDPA paid the provider a set fee

1

based on that code, and an additional amount for the number of miles. The codes used were

primarily found in the manual entitled "Handbook For Providers of Transportation Services,"

published by the IDPA and provided to each transportation provider, including SHERRIE P.

RENKEN.

4.    At all times material herein, the IDPA Handbook For Providers of Transportation

Services provided:

> 52    Medicar–Transportation of a patient whose medical condition requires the
> use of a hydraulic or electric lift or ramp and wheelchair lockdowns, or
> transportation by stretcher when the patient's condition does not require
> supervision, medical equipment, the administration of drugs or the
> administration of oxygen, etc.
>
> Medicar trips will be reimbursed using a base rate and a loaded mileage
> rate after the first ten miles of a one-way trip (twenty miles for round trip).
> Payment for an attendant, that is, a person other than the driver who is
> employed by the transportation company, and non-emergency stretcher
> will be made at a maximum rate established by the department.
>
> 54    Service Car - Transportation by passenger vehicle of a patient whose
> medical condition does not require a specialized mode.
>
> Service Car trips will be reimbursed at a base rate and a loaded mileage
> rate after the first ten miles of a one way trip (twenty miles for a round
> trip) at a rate set by the Department.

5.    From at least on or about October 1, 1997 through on or about March 31, 2002, in

the Central District of Illinois,

## SHERRIE P. RENKEN,

defendant herein did knowingly and intentionally devise and intend to devise a scheme and

artifice to defraud the Medicaid program of the State of Illinois and the United States of

America, by submitting claims for services not rendered and not rendered to the extent claimed.

2

## BILLING FOR TRIPS NOT TAKEN

6.    It was a part of this scheme to defraud that during the period of time from October of 1997 through June of 2002, SHERRIE P. RENKEN directly submitted, and established policies and procedures wherein others submitted claims to IDPA for trips not taken or scheduled and approved by IDPA, but cancelled prior to the transport.

## BILLING FOR "LOADED" MILES WHEN NO CLIENT WAS IN VAN

7.    It was a part of this scheme to defraud that despite the clear direction in the IDPA Handbook that IDPA would pay only for "loaded" miles, that is, mileage (after the first10) in which the IDPA recipient was actually in the vehicle, SHERRIE P. RENKEN directly submitted and established policies and procedures wherein others submitted claims to IDPA for mileage when a recipient was not actually transported.

8.    Additionally, it was a part of this scheme to defraud that SHERRIE P. RENKEN directly submitted and established policies and procedures wherein others submitted claims to IDPA for milage well in excess of that actually driven.

## BILLING FOR A "MEDICAR" WHEN NO MEDICAR WAS USED

9.    It was a part of this scheme to defraud that during the period of time from October of 1997 through June of 2002, SHERRIE P. RENKEN directly submitted and established policies and procedures wherein others submitted to IDPA for transportation by Medicar when, in fact, no Medicar was used or needed for such transport.

## BILLING FOR ATTENDANTS WHEN NO ATTENDANT WAS USED

10.    During the period of time from October of 1997 through June of 2002, SHERRIE P. RENKEN directly submitted, and established policies and procedures wherein others

3

submitted claims to IDPA for attendants, that is a "person other than the driver who is employed by the transportation company," when, in fact, no such attendant was necessary or present for the transports.

11.    On or about October 16, 2000, in Springfield, in the Central District of Illinois,

## SHERRIE P. RENKEN,

defendant herein, for the purpose of executing said scheme did knowingly cause to be delivered by the United States mail, according to the direction thereon, an envelope containing warrant number AB5533122, in the amount $7,189.26, mailed from the State of Illinois, Office of the Comptroller in Springfield, Illinois, and mailed to SHERRIE RENKEN, 1530 Little Main Street, Streator, Illinois, 61364, which was a payment for one or more services claimed to have been rendered by SHERRIE RENKEN or RENKEN TRANSPORTATION SERVICE on or about August 4, 2000 to patient DS, which services were not rendered and not rendered to the extent billed;

All in violation of Title 18, United States Code, Sections 1341 and 2.

4

## COUNT 2

**THE GRAND JURY FURTHER CHARGES:**

1. The grand jury realleges and reaffirms the allegations in paragraphs 1 through 10 of Count 1 of this indictment as though fully set forth herein.

2. On or about April 13, 2001, in Springfield, in the Central District of Illinois,

**SHERRIE P. RENKEN,**

defendant herein, did present and cause to be presented to the Department of Health and Human Services, a Department of the United States of America, through the Illinois Department of Public Aid, a claim for services purportedly rendered by SHERRIE RENKEN or RENKEN TRANSPORTATION SERVICE on or about March 21, 2001 to a client identified as JR knowing said claim was at least partially false, fictitious and fraudulent when made;

In violation of Title 18, United States Code, Sections 287 and 2.

5

## COUNT 3

**THE GRAND JURY FURTHER CHARGES:**

1.     The grand jury realleges and reaffirms the allegations in paragraphs 1 through 10 of Count 1 of this indictment as though fully set forth herein.

2.     On or about May 21, 2001, in Springfield, in the Central District of Illinois,

### SHERRIE P. RENKEN,

defendant herein, for the purpose of executing said scheme did knowingly cause to be delivered by the United States mail, according to the direction thereon, an envelope containing warrant number AB8810645, in the amount $13,478.93, mailed from the State of Illinois, Office of the Comptroller in Springfield, Illinois, and mailed to SHERRIE RENKEN, 1530 Little Main Street, Streator, Illinois, 61364, which was a payment for one or more services claimed to have been rendered by SHERRIE RENKEN or RENKEN TRANSPORTATION SERVICE on or about February 22, 2001 to patient RF, which services were not rendered and not rendered to the extent billed;

All in violation of Title 18, United States Code, Sections 1341 and 2.

6

## COUNT 4

**THE GRAND JURY FURTHER CHARGES:**

1.    The grand jury realleges and reaffirms the allegations in paragraphs 1 through 10 of Count 1 of this indictment as though fully set forth herein.

2.    On or about May 29, 2001, in Springfield, in the Central District of Illinois,

### SHERRIE P. RENKEN,

defendant herein, for the purpose of executing said scheme did knowingly cause to be delivered by the United States mail, according to the direction thereon, an envelope containing warrant number AB8886992, in the amount $1,402.22, mailed from the State of Illinois, Office of the Comptroller in Springfield, Illinois, and mailed to SHERRIE RENKEN, 1530 Little Main Street, Streator, Illinois, 61364, which was a payment for one or more services claimed to have been rendered by SHERRIE RENKEN or RENKEN TRANSPORTATION SERVICE on or about March 21, 2001 to patient DR, which services were not rendered by SHERRIE RENKEN, and not rendered to the extent billed;

All in violation of Title 18, United States Code, Sections 1341 and 2.

7

## COUNT 5

**THE GRAND JURY FURTHER CHARGES:**

1.    The grand jury realleges and reaffirms the allegations in paragraphs 1 through 10 of Count 1 of this indictment as though fully set forth herein.

2.    On or about June 14, 2001, in Springfield, in the Central District of Illinois,

### SHERRIE P. RENKEN,

defendant herein, for the purpose of executing said scheme did knowingly cause to be delivered by the United States mail, according to the direction thereon, an envelope containing warrant number AB9120301, in the amount of $18,590.80, mailed from the State of Illinois, Office of the Comptroller in Springfield, Illinois, and mailed to SHERRIE RENKEN, 1530 Little Main Street, Streator, Illinois, 61364, which was a payment for one or more services claimed to have been rendered by SHERRIE RENKEN or RENKEN TRANSPORTATION SERVICE on or about April 11, 2001 to patient DF, which services were not rendered and not rendered to the extent billed;

All in violation of Title 18, United States Code, Sections 1341 and 2.

8

## COUNT 6

**THE GRAND JURY FURTHER CHARGES:**

1. The grand jury realleges and reaffirms the allegations in paragraphs 1 through 10 of Count 1 of this indictment as though fully set forth herein.

2. On or about July 12, 2001, in Springfield, in the Central District of Illinois,

### SHERRIE P. RENKEN,

defendant herein, for the purpose of executing said scheme did knowingly cause to be delivered by the United States mail, according to the direction thereon, an envelope containing warrant number AB9510406, in the amount $20,375.32, mailed from the State of Illinois, Office of the Comptroller in Springfield, Illinois, and mailed to SHERRIE RENKEN, 1530 Little Main Street, Streator, Illinois, 61364, which was a payment for one or more services claimed to have been rendered by SHERRIE RENKEN or RENKEN TRANSPORTATION SERVICE on or about May 22, 2001 to patient RF, which services were not rendered and not rendered to the extent billed;

All in violation of Title 18, United States Code, Sections 1341 and 2.

9

## COUNT 7

**THE GRAND JURY FURTHER CHARGES:**

1. The grand jury realleges and reaffirms the allegations in paragraphs 1 through 10 of Count 1 of this indictment as though fully set forth herein.

2. On or about August 3, 2001, in Springfield, in the Central District of Illinois,

### SHERRIE P. RENKEN,

defendant herein, for the purpose of executing said scheme did knowingly cause to be delivered by the United States mail, according to the direction thereon, an envelope containing warrant number AB9839015, in the amount $19,024.60, mailed from the State of Illinois, Office of the Comptroller in Springfield, Illinois, and mailed to SHERRIE RENKEN, 1530 Little Main Street, Streator, Illinois, 61364, which was a payment for one or more services claimed to have been rendered by SHERRIE RENKEN or RENKEN TRANSPORTATION SERVICE on or about June 29, 2001 to patient MW, which services were not rendered and not rendered to the extent billed;

All in violation of Title 18, United States Code, Sections 1341 and 2.

10

## COUNT 8

### THE GRAND JURY FURTHER CHARGES:

1. The grand jury realleges and reaffirms the allegations in paragraphs 1 through 10 of Count 1 of this indictment as though fully set forth herein.

2. On or about September 24, 2001, in Springfield, in the Central District of Illinois,

### SHERRIE P. RENKEN,

defendant herein, for the purpose of executing said scheme did knowingly cause to be delivered by the United States mail, according to the direction thereon, an envelope containing warrant number AC0536646, in the amount \$24,928.82, mailed from the State of Illinois, Office of the Comptroller in Springfield, Illinois, and mailed to SHERRIE RENKEN, 1530 Little Main Street, Streator, Illinois, 61364, which was a payment for one or more services claimed to have been rendered by SHERRIE RENKEN or RENKEN TRANSPORTATION SERVICE on or about July 20, 2001 to patient LC, which services were not rendered and not rendered to the extent billed;

All in violation of Title 18, United States Code, Sections 1341 and 2.

11

## COUNT 9

### THE GRAND JURY FURTHER CHARGES:

1. The grand jury realleges and reaffirms the allegations in paragraphs 1 through 10 of Count 1 of this indictment as though fully set forth herein.

2. On or about November 1, 2001, in Springfield, in the Central District of Illinois,

### SHERRIE P. RENKEN,

defendant herein, did present and cause to be presented to the Department of Health and Human Services, a Department of the United States of America, through the Illinois Department of Public Aid, a claim for services purportedly rendered by SHERRIE RENKEN or RENKEN TRANSPORTATION SERVICE on or about October 16, 2001 to a client identified as JC, knowing said claim was at least partially false, fictitious and fraudulent when made;

In violation of Title 18, United States Code, Sections 287 and 2.

12

## COUNT 10

**THE GRAND JURY FURTHER CHARGES:**

1.    The grand jury realleges and reaffirms the allegations in paragraphs 1 through 10 of Count 1 of this indictment as though fully set forth herein.

2.    On or about November 14, 2001, in Springfield, in the Central District of Illinois,

### SHERRIE P. RENKEN,

defendant herein, for the purpose of executing said scheme did knowingly cause to be delivered by the United States mail, according to the direction thereon, an envelope containing warrant number AC1171506, in the amount $20,771.14, mailed from the State of Illinois, Office of the Comptroller in Springfield, Illinois, and mailed to SHERRIE RENKEN, 1530 Little Main Street, Streator, Illinois, 61364, which was a payment for one or more services claimed to have been rendered by SHERRIE RENKEN or RENKEN TRANSPORTATION SERVICE on or about September 20, 2001 to patient LC, which services were not rendered and not rendered to the extent billed;

All in violation of Title 18, United States Code, Sections 1341 and 2.

13

## COUNT 11

### THE GRAND JURY FURTHER CHARGES:

1.    The grand jury realleges and reaffirms the allegations in paragraphs 1 through 10 of Count 1 of this indictment as though fully set forth herein.

2.    On or about November 14, 2001, in Springfield, in the Central District of Illinois,

### SHERRIE P. RENKEN,

defendant herein, for the purpose of executing said scheme did knowingly cause to be delivered by the United States mail, according to the direction thereon, an envelope containing warrant number AC1136845, in the amount $25,888.70, mailed from the State of Illinois, Office of the Comptroller in Springfield, Illinois, and mailed to SHERRIE RENKEN, 1530 Little Main Street, Streator, Illinois, 61364, which was a payment for one or more services claimed to have been rendered by SHERRIE RENKEN or RENKEN TRANSPORTATION SERVICE on or about August 30, 2001 to patient SB, which services were not rendered by SHERRIE RENKEN, and not rendered to the extent billed;

All in violation of Title 18, United States Code, Sections 1341 and 2.

14

## COUNT 12

### THE GRAND JURY FURTHER CHARGES:

1.      The grand jury realleges and reaffirms the allegations in paragraphs 1 through 10 of Count 1 of this indictment as though fully set forth herein.

2.      On or about December 1, 2001, in Springfield, in the Central District of Illinois,

### SHERRIE P. RENKEN,

defendant herein, did present and cause to be presented to the Department of Health and Human Services, a Department of the United States of America, through the Illinois Department of Public Aid, a claim for services purportedly rendered by SHERRIE RENKEN or RENKEN TRANSPORTATION SERVICE on or about November 21, 2001 to a client identified as LS, as well as on or about November 30, 2001 to a client identified as MW, and others, knowing said claim was at least partially false, fictitious and fraudulent when made;

In violation of Title 18, United States Code, Section 287 and 2.

15

## COUNT 13

**THE GRAND JURY FURTHER CHARGES:**

1.  The grand jury realleges and reaffirms the allegations in paragraphs 1 through 10 of Count 1 of this indictment as though fully set forth herein.

2.  On or about January 8, 2002, in Springfield, in the Central District of Illinois,

### SHERRIE P. RENKEN,

defendant herein, for the purpose of executing said scheme did knowingly cause to be delivered by the United States mail, according to the direction thereon, an envelope containing warrant number AC1950048 in the amount of $28,394.43, mailed from the State of Illinois, Office of the Comptroller in Springfield, Illinois, and mailed to SHERRIE RENKEN, 1530 Little Main Street, Streator, Illinois, 61364, which was a payment for one or more services claimed to have been rendered by SHERRIE RENKEN or RENKEN TRANSPORTATION SERVICE on or about September 25, 2001 to patient JD, which services were not rendered and not rendered to the extent billed;

All in violation of Title 18, United States Code, Sections 1341 and 2.

16

## COUNT 14

**THE GRAND JURY FURTHER CHARGES:**

1.    The grand jury realleges and reaffirms the allegations in paragraphs 1 through 10 of Count 1 of this indictment as though fully set forth herein.

2.    On or about February 25, 2002, in Springfield, in the Central District of Illinois,

### SHERRIE P. RENKEN,

defendant herein, for the purpose of executing said scheme did knowingly cause to be delivered by the United States mail, according to the direction thereon, an envelope containing warrant number AC2548075, in the amount $26,992.09, mailed from the State of Illinois, Office of the Comptroller in Springfield, Illinois, and mailed to SHERRIE RENKEN, 1530 Little Main Street, Streator, Illinois, 61364, which was a payment for one or more services claimed to have been rendered by SHERRIE RENKEN or RENKEN TRANSPORTATION SERVICE on or about November 10, 2001 to patient MP, which services were not rendered and not rendered to the extent billed;

All in violation of Title 18, United States Code, Sections 1341 and 2.

17

## COUNT 15

### THE GRAND JURY FURTHER CHARGES:

On or about July 15, 2002, in the Central District of Illinois and elsewhere,

### SHERRIE P. RENKEN

defendant herein, did knowingly and willfully make and use false writings and documents

knowing the same to contain materially false, fictitious and fraudulent statements and entries,

during the course of and in response to an audit of her transportation company by the Illinois

Department of Public Aid, in that the defendant presented documents showing that certain

services (such as attendants) were provided to clients knowing that services were not provided to

the extent listed on the documents or by the individuals listed;

In violation of Title 18, United States Code, Section 1001.

18

## **COUNT 16**

### **THE GRAND JURY FURTHER CHARGES:**

1.     At all times material herein, the "Home Services Program" for the State of Illinois was a program designed to prevent the unnecessary institutionalization of individuals who may instead be satisfactorily maintained at home at a lesser cost to the state.

2.     At all times material herein, the Home Services Program for the State of Illinois was administered by the Illinois Department of Human Services, Office of Rehabilitation Services (ORS).    At least part of the money funding this program was provided by the United States Department of Health and Human Services, an agency of the United States.

3.     At all times material herein, an individual applying for services under the Home Services Program was required to present documents or evidence proving they were disabled to such a degree as to qualify them for services under the program. Further, ORS personnel were to perform an assessment of the individual requesting services. The amount of services provided to each client depended in large part on the severity of the disability of the person as well as the needs of the person. To qualify for services under the  Home Services Program, a person must meet several qualifications, including:

    a.     Have a severe disability which is expected to last for at least 12 months or for the duration of life;

    b.     Be an individual with a disability who is in need of long-term care;

    c.     Obtain certification from a physician that the individual is in need of long term care and this care can safely and adequately be provided in the individual's home;

    d.     Not require in-home services that are expected to cost more than the cost the

19

State would pay for institutional care for this individual.

4.     At all times material herein, ORS allowed those qualified individuals to hire "personal assistants" who were to perform common tasks such as household chores, shopping, personal care, incidental health care tasks which did not require personal judgment, and monitoring to ensure the health and safety of the customer. Personal assistants were paid by ORS at least each month for services rendered by the personal assistant. A personal assistant could be hired by and report to the customer, but be paid by the State of Illinois after the submission of a "Home Services Documentation of Services," which was commonly referred to a the "calendar." This form was to be filled out by either the customer and personal assistant, and the accuracy of the information presented in the calendar was to be attested to by both.

5.     From at least in or about May, 1989 through in or about May, 2003, in the Central District of Illinois, and elsewhere,

## SHERRIE P. RENKEN,

defendant herein, did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud the State of Illinois and the United States of America.

6.     It was a part of this scheme to defraud that:

a .     During the following periods, SHERRIE P. RENKEN was being paid by ORS as a personal assistant for the following individuals (identified by initials):

> TD:     from May, 1989 to May, 2003
>
> PV:     from July, 1999 to November, 2000
>
> EV:     from April, 1999 to February 2001
>
> VW:     from January, 1992 to March, 2001

20

b.      From at least on or about April, 1999 through on or about February 2001,

EV applied for and was found to be qualified for a "personal assistant" under the ORS

regulations.

c.      From on or about April, 1999 through on or about February 2001, SHERRIE

P. RENKEN certified that she was EV's personal assistant and provided services pursuant to the

ORS requirements. During all this time, no person was providing personal assistant services to

either EV.

d.      From on or about July, 1999 through on or about November, 2000,

SHERRIE P. RENKEN certified to ORS that she was PV's personal assistant and provided

services pursuant to the ORS requirements. During all this time, no person was providing

personal assistant services to PV.

7.      On or about August 4, 2000, in the Central District of Illinois, and elsewhere

## SHERRIE P. RENKEN,

defendant herein, for the purpose of executing said scheme did knowingly cause to be delivered

by the United States mail according to the direction thereon, an envelope containing warrant

number SH3104027 in the amount of $1,218.69, mailed from the Illinois Comptroller's Office

in Springfield, Illinois and mailed to SHERRIE RENKEN, 1530 Little Main Street, Streator,

Illinois, 61364, which warrant represented payment for services as a personal assistant to one or

more individuals which were not performed and not performed to the extent billed;

All in violation of Title 18, United States Code, Sections 1341 and 2.

21

## **SPECIAL CIRCUMSTANCES**

THE GRAND JURY FURTHER CHARGES:

As part of the offenses charged in this indictment,

1.     The amount of actual or intended loss (reasonably foreseeable pecuniary harm)

that resulted from these offenses is between $200,000 and $400,000.

2.     As a "provider" enlisted with the Medicaid program administered by the Illinois

Department of Public Aid, SHERRIE P. RENKEN abused a position of public or private trust.

3.     As a "provider" under the PA program administered by ORS, SHERRIE P.

RENKEN abused a position of public or private trust.

4.     SHERRIE P. RENKEN was an organizer, leader, manager, or supervisor in this

criminal activity.

A True Bill.

s/foreperson

Foreperson

s/Greg Harris

JAN PAUL MILLER
UNITED STATES ATTORNEY

PDH

22