IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 04-30066 |
| SHERRIE P. RENKEN ) | |
| Defendant. ) | |

## PLEA AGREEMENT AND STIPULATION OF FACTS

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Patrick D. Hansen, Assistant United States Attorney, and the defendant, Sherrie P. Renken, personally and by the defendant's attorney, John W. Fisher, hereby enter into this plea agreement.

1.   This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant.  This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties.  No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists, except as set forth in this plea agreement.

2.   This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant.  It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor.  In addition, the plea

1

agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

3. This agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) and therefore if the Court does not accept the recommendations of the parties, the defendant does not have the right to withdraw her plea of guilty.

## CHARGE(S), ELEMENTS, AND PENALTIES

4. The defendant will plead guilty to Counts 1 and 3 of the Indictment in which the defendant is charged with mail fraud in violation of Title 18, United States Code, Section 1341.

5. The defendant has read the charges to which the defendant is pleading guilty, and these charges have been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crimes to which the defendant is pleading guilty. To sustain the charge of mail fraud, the United States must prove the following propositions beyond a reasonable doubt:

    a. First, that the defendant knowingly engaged in the scheme to defraud as described in the Indictment;

    b. Second, that for the purpose of carrying out the scheme, the defendant used the United States mail or caused the United States mail to be used in the manner charged in the particular count;

    c. Third, that the defendant used a material falsehood in the scheme to defraud; and

    d. Fourth, that the defendant did so knowingly and with the intent to defraud.

6. The defendant understands and agrees that the penalty for each of the offenses to which she shall plead guilty carries the following potential penalties:

- up to 5 years in prison;

- up to a $250,000 fine;
- up to 3 years of supervised release; and
- a $100 mandatory special assessment.

7. The defendant understands that the sentences on each count to which she is pleading guilty may be ordered to be served consecutively (in addition to each other). Consequently, the <u>maximum possible sentence</u> which could be imposed on the combined counts is:

- up to ten years in prison;
- up to a $500,000 fine;
- up to 6 years of supervised release; and
- a $200 mandatory special assessment.

8. The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

9. The parties agree that the amount of restitution for the charges in the Indictment total $150,104.13, and the defendant understands and agrees that restitution may be ordered for all of her related activities, not just those noted in the counts of conviction. Restitution may include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

## STATUTORY AND GUIDELINE WAIVERS

### Waiver of Right of Appeal from Conviction and Sentence

10. The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

### Waiver of Right to Collateral Attack

11. The defendant also understands that she has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that she received ineffective assistance from her attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands her rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives her right to collaterally

attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives her right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include her right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

12. The defendant understands that the Court will calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and that the Court will use those calculations to arrive at an advisory sentencing range under the Guidelines. The defendant understands that the Court must consider the advisory Sentencing Guideline range when imposing sentence. The Court shall also consider the other factors listed under Title 18, United States Code, Section 3553(a) in determining the specific sentence to be imposed. The defendant understands that although the Sentencing Guidelines are advisory, the Court may choose to impose sentence in accordance with the Sentencing Guidelines.

## DEFENDANT'S OBLIGATIONS

13. The defendant further understands and agrees to pay the mandatory $100 Special Assessment for each count of the Indictment to which the defendant is entering a plea of guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this

mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that she will be required to do so as a condition of this plea agreement. The failure to comply with this requirement, however, will not constitute grounds for the defendant to withdraw any plea of guilty.

14. The defendant agrees to prepare a complete and truthful financial statement under oath, on a form provided by the United States Attorney's Office, and to return the statement to the United States Attorney's Office within two weeks of submitting this signed plea agreement. This statement will be used by the Financial Litigation Unit of the United States Attorney's Office to enforce the Court's sentence in this case, including the collection of any fines and restitution.

## THE UNITED STATES ATTORNEY'S OBLIGATIONS

15. At the time of sentencing the United States agrees to recommend the following:

    a. The United States agrees to recommend a sentence at the low end of the Sentencing Guideline range; and

    b. The defendant acknowledges that she may also be subject to a civil action brought by the United States of America in the Central District of Illinois regarding much of the same conduct as outlined in the Indictment. The defendant understands that this plea agreement in no way affects the possibility of a civil action, and that the United States may will continue to pursue the matter.

16. The United States Attorney for the Central District of Illinois agrees that at the time of sentencing it will move to dismiss the remaining counts of the Indictment against the defendant. The defendant acknowledges that the counts the United States agrees to dismiss were brought in good faith and not for any vexatious or frivolous reason on the part of the United

States. The United States agrees to bring no additional criminal charges in the Central District of Illinois against the defendant relating to or arising from the offenses charged in this Indictment, except for any crime of violence and any crime unknown to the United States Attorney for the Central District of Illinois prior to the time this plea agreement is signed by the parties.

## **AGREEMENTS AS TO SENTENCING GUIDELINES**

17.     The defendant agrees and understands that the Court is required to consider any applicable Sentencing Guidelines in determining the defendant's sentence and that the Court may, in some circumstances, depart upward or downward from the Sentencing Guideline range.

18.     Based on the information currently available, the defendant and the United States agree on the following points regarding the application of the Sentencing Guidelines to the offense to which the defendant is pleading guilty:

a.      The parties agree, based upon facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct in accordance with Section 3E1.1 of the Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate. Acceptance of personal responsibility shall include cooperating fully with the United States Probation Office in the preparation of a presentence report and not committing any bond violations while on pretrial release, including but not limited to the commission of any local, state or federal offenses.  This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility for the defendant's criminal conduct.

b.      The parties also agree that if the defendant's base offense level is 16 or higher, then the defendant qualifies for an additional one-point reduction in the defendant's

offense level pursuant to United States Sentencing Guidelines Section 3E1.1(b)(2) because the defendant timely notified the United States Attorney's Office of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid trial preparation and permitting the court to allocate its resources efficiently.

    c.    The parties agree that the amount of loss attributable to Sherrie P. Renken as a result of this scheme is $150,104.13.  The parties acknowledge that this figure is the product of compromise and is limited to the selected conduct and patients analyzed by the Illinois State Police Medicaid Fraud Control Unit, and does not limit either party from taking the position that the loss amount is greater or less in any civil or administrative matter.

    d.    The defendant understands that section 3B1.3 of the Sentencing Guidelines may be applicable (abuse of position of trust), and her sentencing guideline level may be enhanced by 2 levels.

    e.    The government agrees with the defendant that no aggravating or mitigating role enhancement should apply under U.S.S.G. §3B1.1 or §3B1.2.

    19.    The defendant and the United States agree that the above statements regarding Sentencing Guidelines calculations are not binding on the Court, and relate only to the positions the parties take regarding the applicable advisory Sentencing Guideline range based upon the information of which they are currently aware.  The Court will remain free to make its own independent determination of the applicable advisory Sentencing Guideline range and to impose whatever sentence it deems appropriate.

    20.    The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum.  The defendant agrees and

understands that the defendant will not be allowed to withdraw the defendant's guilty plea because of an objection to the calculation of the Sentencing Guidelines or to the Court's sentencing findings or rulings or because the defendant receives a sentence higher than that recommended under the plea agreement.

## FACTUAL BASIS

21.     The defendant will plead guilty because the defendant is in fact guilty of the charge contained in Counts 1 and 3 of the Indictment.  In pleading guilty to the charges, the defendant stipulates to and admits to the following facts:

From at least in or about October of 1997, Sherrie Renken was licensed to operate and conduct a medical transportation service in the State of Illinois at 1530 Little Main St., Streator, Illinois, as "Renken Medical Transportation Services."   Approximately 95% of the business of this company was paid by Medicaid funds through the Illinois Department of Public Aid (IDPA). The primary business of Renken Medical Transportation Services was to provide "medicar" transportation to IDPA medical assistance recipients who otherwise would not have appropriate transportation to and from medical appointments and procedures. Although Renken Medical Transportation Services has claimed as many as three vans or "medicars" at any given time, only one was ever licensed with the Illinois Secretary of State's office as a "medicar."  None of the vans has wheelchair lifts or lockdowns, which was required by IDPA to bill a service as a "Medicar" transport.  Instead an driver would use a manual ramp to roll a wheelchair-bound client into the back of a van in which the seats would be removed.  They would then be secured by the van's seatbelts.

Sherrie Renken had been enrolled as a Medicaid provider through IDPA since October 1, 1997, which has allowed her to submit billings to IDPA for qualified services provided under the

9

transportation provider program. As a provider, she agreed with IDPA "on a continuing basis, to comply with all current and future program policy provisions as set forth in the applicable Department of Public Aid Medical Assistance Program handbooks." She received the IDPA "Handbook for Providers of Transportation Services, Chapter T-200" upon her enrollment in the program, and has received periodic updates. Further, the manual, and all of its updates are maintained on an internet website set up by IDPA.

During the time period from at least on or about July 1, 2000 through in or about March 31, 2002, Sherrie Renken engaged in a scheme to defraud the Illinois Department of Public Aid and the United States Department of Health and Human Services, which funded the Medicaid program, by submitting claims for services that were scheduled but cancelled, for services that were neither scheduled nor performed, for mileage well in excess of that driven and by submitting claims for "attendants" that did not exist and were not medically necessary.

In all, Renken received at least $150,104.13 for services fraudulently billed. Reimbursements were made to Renken by IDPA through checks, sent from the State of Illinois Office of the Comptroller in Springfield, Illinois. This figure represents $130,883.40 for miles billed that were not driven, or not driven with the patient in the vehicle, $7,427.00 representing billings for "attendants" which were not present in the vehicle, and $11,793.73 for trips that had either been cancelled or for which no corresponding medical service was found for that patient on that date.

Specifically as to Count 1 of the Indictment, on or about October 16, 2001, an envelope containing check number AB5533122 was sent through the U.S. mail from the Illinois Department of Public Aid in Springfield, Illinois and mailed to "Renken, Sherrie Paulette," 1530 Little Main St., Streator, Illinois, which was payment for one or more services for transporting

patient "DS" on or about August 4, 2000, which billing included a charge for an attendant, however, there was no attendant during that or other transports.

As to Count 3 of the Indictment, on or about May 21, 2001, an envelope containing check number AB8810645 was sent through the U.S. mail from the Illinois Department of Public Aid in Springfield, Illinois and mailed to "Renken, Sherrie Paulette," 1530 Little Main St., Streator, Illinois, which was payment for one or more services for transporting patient RF on or about February 22, 2001, when no service was provided to RF that date. In fact, RF's daughter was transported that day for medical service, and the transportation for the daughter was submitted by Renken on a different claim.

## EFFECT OF VIOLATION OF AGREEMENT

22.  The defendant further agrees that if the defendant violates the terms of this plea agreement the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea. The defendant also agrees to waive any and all double jeopardy rights, and the applicable statute of limitations should the United States seek to reinstate any charges against the defendant or seek to have the defendant resentenced.

23.  Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a

preponderance of the evidence that the defendant violated the terms of the plea agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

24. The defendant understands that by pleading guilty the defendant surrenders the following rights among others:

    a. The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

    b. The right to a trial by jury. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has an absolute right to a jury trial. If the trial is a jury trial, the jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant's guilt beyond a reasonable doubt.

    c. The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

    d. The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant

refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

    e.    The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

25.    The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained those rights to the defendant and the consequences of the waiver of those rights.

**AGREED:**

**Defendant's Attorney:**

26.    I have discussed this plea agreement fully with my client, and I am satisfied that my client fully understands its contents and terms. No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty other than those stated in this written Plea Agreement. I have reviewed with my client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).

Date: 8/9/05                                    s/John W. Fisher
                                                              John W. Fisher
                                                              Attorney for Sherrie P. Renken

**Defendant:**

27.    I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been

made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

Date:  8/9/05                               s/Sherrie P. Renken
                                            Sherrie P. Renken
                                            Defendant

**United States:**

28.    On behalf of the United States of America, I accept and agree to this Plea Agreement.

Date:  8/10/05                              JAN PAUL MILLER
                                            UNITED STATES ATTORNEY


                                            s/Patrick D. Hansen
                                            Patrick D. Hansen
                                            Assistant United States Attorney



                                            s/Bradley K. Hart
                                            Bradley K. Hart
                                            Special Assistant United States Attorney