MRS. SHERRIE PAULETTE RENKEN
I.D. # 14433-026
RANGE A-2 VALLEY UNIT / P.O. BOX A
FEDERAL PRISON CAMP FOR WOMEN
ALDERSON, W.V. 24910-0990
CASE NUMBER # 04-30066-01
DOCKET NUMBER #
I AM FROM THE SEVENTH CENTRAL DISTRICT OF ILLINOIS
DATE: NOVEMBER, 21st. 2006



E-FILED
Tuesday, 28 November, 2006  03:07:03 PM
Clerk, U.S. District Court, ILCD

FILED
NOV 27 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TO _Honorable Judge Jeanne E. Scott_ ;

RE; THE MAY 15th. 2006 FEDERAL REGISTER STATES THAT UPON THE MOTION OF THE DIRECTOR OF THE BUREAU OF PRISONS ( UNDER 18 U.S.C. 3582 ( C ) ( 1 ) ( A ) THE COURT MAY REDUCE A TERM OF IMPRISONMENT BASED ON ( 1 ) ( A ) EXTRAORDINARY AND COMPELLING REASONS, AFTER CONSIDERING THE FACTORS SET FORTH IN 18 U.S.C. & 3553 ( A ) THAT THE COURT DEAMS THAT ( 1 ) ( A ) AND UNDER THE EXTRAORDINARY AND COMPELLING REASONS THESE ARE MY REASONS I HAVE ( 1 ) ( B ) & ( E ) & ( G ) & ( H ); AND I WOULD GREATLY APPRECIATE THAT YOU PLEASE SINCERELY CONSIDER ME FOR THIS UNDER THESE REASONS DUE TO MY MOTHER MRS. NORMA J. DICKENS DIED, THAT WAS TAKING CARE OF MY TWO VERY YOUNG AND SMALL DAUGHTERS SABRINA M. RENKEN & SAVANNA R. RENKEN AS WELL AS MY SPECIAL MENTALLY AND PHYSICALLY HANDICAPPED SISTER TAMMY K. DICKENS, WHILE I HAD TO BE INCARCERATED. MY MOTHER DIED ON JULY 3rd. 2006; AFTER ALMOST A SEVEN WEEK I.C.U. HOSPITAL CARE THAT CAME ON SUDDEN AND UNKNOWEN BECAUSE SHE WAS NOT SICK WHEN I LEFT HOME TO COME HERE TO BE INCARCERATED.

I AM A FIRST TIME NON-VIOLENT OFFENDER THAT HAS NOTHING TO DO WITH DRUGS AND MY CRIME WAS TWO COUNTS MAIL FRUAD. I HAVE SERVED ALMOST 10 MONTHS AND ONLY HAVE TILL APRIL 10th. 2007 WHEN I TIME OUT TO GO TO THE HALFWAY HOUSE THEN GO STRAIGHT HOME FROM THERE, SO THERE FOR I ONLY HAVE LESS THAN 5 MORE MONTHS TO SERVE THE REMAINING TIME OF MY SENTENCE. SO I AM HEREBY REQUESTING THAT THE REMAINDER OF MY SENTENCE BE IMMEDIATELY SPENT IN HOME CONFINEMENT DUE TO MY FAMILYS AND MY OWN EXTRAORDINARY AND COMPELLING HARDSHIPS AND CIRCUMSTANCES.

I HAVE NEVER BEEN IN TROUBLE BEFORE AND I AM NO HARM TO ANYONE AND I KNOW I WOULD EXCELL AND SO WOULD MY FAMILY IF I WAS HOME. I WOULD GREATLY APPERICIATE THIS GREAT OPPORTUNITY TO BE ABLE TO CARE FOR MY FAMILY AND BE A GREAT EXAMPLE OF HOW LOVING SUPPORT MAKES EVERYTHING HEAL.
MY BEING INCARCERATED HAS BEEN A GREAT SET BACK IN THE PROGRESS OF MY HEALTH AND WELLNESS SINCE I NOW HAVE TO USE A CANE TO WALK AND GET AROUND SINCE BEING INCARCERATED.

MY INCARCERATION HAS ALSO CAUSED A HUGE FINANCIAL HARDSHIP ON MY WHOLE FAMILY AS MY HUSBAND BRYON RENKEN IS NOW THE SOLE AND ONLY FINANCIAL SUPPORT OUR FAMILY HAS SINCE THE DEATH OF MY MOTHER MRS. NORMA J. DICKENS AS WELL AS THE ONLY RESPONSIBLE ONE FOR TAKING CARE OF EVERYTHING ESPECIALLY OUR TWO VERY YOUNG AND SMALL DAUGHTERS AND MY SPECIAL SISTER ALL ON HIS OWN AS WELL MY MOTHER'S ESTATE SINCE HER PASSING AWAY ON JULY 3rd. 2006. AND MY FAMILY WAS UNABLE TO AFFORD ME THE OPPORTUNITY TO BE WITH MY MOTHER BEFORE AND AFTER HER DEATH, EVEN THOUGH MY MOTHER'S FINAL WISH WAS TO BE ABLE TO SEE ME ONE MORE TIME BEFORE SHE PASSED AWAY, AND I AM HAVING A DIFFICULT TIME WITH THIS AND I WILL HAVE TO LIVE WITH THAT THE REST OF MY LIFE AND ALL OF THIS I AM HAVING A VERY DIFFICULT TIME WITH ALL OF THIS, ESPECIALLY THAT I COULD NOT MAKE MY MOTHER'S LAST WISH COME TRUE AND THAT I WILL NEVER BE ABLE TO SEE HER EVER AGAIN.

I HAVE NOT AT ALL BEEN ABLE TO SEE MY HUSBAND, TWO VERY YOUNG SMALL DAUGHTERS AND MY SPECIAL SISTER SINCE FEBUARY 5th. 2006 WHEN I HAD TO LEAVE HOME TO SELF-SURRENDER ON FEBUARY 6th. 2006 TO ALDERSON, W. V. FEDERAL PRISON CAMP FOR WOMEN, BECAUSE OF THE HUGE EXTREME FINANCIAL HARDSHIP AND THE HUGE DISTANCE, AND THIS IS EXTREMELY HARD ON MY FAMILY AND MYSELF.

UPON BEING GRANTED THIS GREAT OPPORTUNITY OF BEING RELEASED TO HOME CONFINEMENT OR JUST STRAIGHT HOME WITH NO HOME CONFINEMENT, I WOULD BE ABLE TO CARE FOR MY TWO VERY YOUNG AND SMALL DAUGHTERS AND MY SPECIAL SISTER NOW THAT MY MOTHER HAS PASSED AWAY AND BE THERE CAREGIVER AS WELL AS BE ABLE TO BE OF GREAT HELP TO MY HUSBAND AND RELIEF THE EXTRAORDINARY AND COMPELLING HARDSHIPS AS WELL AS BE A PRODUCTIVE WAGE EARNING TAX PAYING CITIZEN WHO WILL BE ABLE TO PAY MY OWN RESTITUTION.

I HAVE A JOB WAITING FOR ME WITH THE HILTON TELECOMMUNICATIONS RESERVATION CENTER NEAR MY HOME IN STREATOR, IL., I WOULD BE STARTING OUT AS A TELECOMMUNICATOR REPRESENTATIVE, WITH THE OPPORTUNITY OF GREAT EDUCATIONAL AND WAGE ADVANCEMENTS.  I WOULD ALSO BE IN THE POSITION TO OBTAINING HEALTH INSURANCE FOR MY ENTIRE FAMILY, WHICH MY HUSBAND IS UNABLE TO AFFORD.  AS WELL AS BEING ABLE TO FURTHER MY EDUCATION WITH HILTON BECAUSE THEY GIVE US THE GREAT OPPORTUNITY TO FURTHER OUR EDUCATION THROUGHT THERE EDUCATION PROGRAMS.  I ALSO HAVE FULL ACCESS TO RELIABLE TRANSPORTATION SO I AM ABLE TO GET WERE I NEED TO BE WITH OUT NO PROBLEMS.

SINCE THE FIRST DAY OF MY INCARCERATION I HAVE MAINTAINED A PERFECT RECORD AND I BELIEVE IT WOULD BE IN THE GREATEST INTEREST TO MY FAMILY AND TO ALL OF US IN CONCERN FOR ME TO BE HOME AND SPEND THE REMAINDER OF MY SENTENCE AT HOME UNDER HOME CONFINEMENT, AND TAKING CARE OF MY TWO VERY YOUNG AND SMALL DAUGHTERS AND SPECIAL SISTER AND BE A GREAT HELP TO MY HUSBAND FINANCIALLY AS WELL AS HELP RELIEVE MOST OF THE CARE FOR OUR TWO VERY YOUNG AND SMALL DAUGHTERS AND SPECIAL SISTER.  AND I WOULD BE WORKING FULL-TIME AND PAYING MY TAXES AND MY OWN RESTITUTION THAT MY HUSBAND CAN NOT AFFORD TO PAY FOR SINCE IT IS NOT HIS RESPONSABLITY FOR MY RESTITUTION.

I THANK YOU IN ADVANCE FOR YOUR CONSIDERATION WITH MY REQUEST,  AND DUE TO THE SHORT TIME I HAVE LEFT AND THE GREAT EXTREME EXTRAORDINARY AND COMPELLING REASONS MY FAMILY IS GOING THOUGH AND I AM INDURING,  I WOULD GREATLY APPRECIATE YOU RESPONDING IN A EXPEDICIOUS MANNER.


RESPECTIVELY SUBMITTED,

*Mrs. Sherrie P. Renken*

MRS. SHERRIE PAULETTE RENKEN

Revised 7/12/

# American Bar Association
*Proposed Policy Statement*

### § 1B1.13 Reduction in Term of Imprisonment Upon Motion of Director of the Bureau of Prisons (Policy Statement)

(a) Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that –

    (1) either –

        (A) extraordinary and compelling reasons warrant such a reduction; or

        (B) the defendant (i) is at least 70 years old, and (ii) has served 30 years in prison on a sentence imposed under 18 U.S.C. § 3559(e) for the offense or offenses for which the defendant is imprisoned;

    (2) the defendant is not a present danger to the safety of any other person or to the community pursuant to 18 U.S.C. § 3142(g)(4); and

    (3) the reduction is consistent with this policy statement.

(b) "Extraordinary and compelling reasons" may be found where

    (1) the defendant's circumstances are so changed since the sentence was imposed that it would be inequitable to continue the defendant's confinement; or

    (2) information unavailable to the court at the time of sentencing becomes available and is so significant that it would be inequitable to continue the defendant's confinement; or

    (3) the court was prohibited at the time of sentencing from taking into account certain considerations relating to the defendant's offense or circumstances; the law has subsequently been changed to permit the court to take those considerations into account; and the change in the law has not been made generally retroactive.

(c) When a term of imprisonment is reduced by the court pursuant to the authority in 18 U.S.C. § 3582(c)(1)(A), the court may reduce the term of imprisonment to one it

deems appropriate in light of the facts of the particular case, the government's recommendation, and information provided by or on behalf of the prisoner, including to time served. In its discretion, the court may but is not required to impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment, provided that any new term of supervision shall be in addition to the term of supervision imposed by the court in connection with the original sentencing.

### Commentary

<u>Application Note</u>:

Application of subdivisions (a)(1)(A) and (b):

1) The term "extraordinary and compelling reasons" includes, for example, that --

   (a) the defendant is suffering from a terminal illness;

   (b) the defendant is suffering from a permanent physical or mental disability or chronic illness that significantly diminishes the prisoner's ability to function within the environment of a correctional facility;

   (c) the defendant is experiencing deteriorating physical or mental health as a consequence of the aging process;

   (d) the defendant has provided significant assistance to any government entity that was not adequately taken into account by the court in imposing or modifying the sentence;

   (e) the defendant would have received a lower sentence under a subsequent change in applicable law that has not been made retroactive;

   (f) the defendant received a significantly higher sentence than similarly situated codefendants because of factors beyond the control of the sentencing court;

   (g) the defendant has experienced an extraordinary and compelling change in family circumstances, such as the death or incapacitation of family members capable of caring for the defendant's minor children; or

   (h) the defendant's rehabilitation while in prison has been extraordinary.

2) "Extraordinary and compelling reasons" sufficient to warrant a sentence reduction may consist of a single reason, or it may consist of several reasons, each of which standing alone would not be considered extraordinary and compelling,

but that together justify sentence reduction; *provided that* neither a change in the law alone, nor rehabilitation of the defendant alone, shall constitute "extraordinary and compelling reasons" warranting sentence reduction pursuant to this section.

3) "Extraordinary and compelling reasons" may warrant sentence reduction without regard to whether or not any changes in the defendant's circumstances could have been anticipated by the court at the time of sentencing.

Background:   The Commission is directed by 28 U.S.C. § 994(t) to "describe what should be considered extraordinary and compelling reasons for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), including the criteria to be applied and a list of specific examples." This section provides that "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." This policy statement implements 28 U.S.C. § 994(t).



AMERICAN BAR ASSOCIATION       Governmental Affairs Office



July 12, 2006

Honorable Ricardo H. Hinojosa
Chair
United States Sentencing Commission
One Columbus Circle, N.E.
Suite 2-500, South Lobby
Washington, D.C. 20002-8002

    Re:    2006 Proposed Amendments to the Sentencing Guidelines:
            Sentence Reduction Motions under 18 U.S.C. § 3582(c)(1)(A)(i)

Dear Judge Hinojosa:

On behalf of the American Bar Association (ABA) and its over 400,000 members, I write in response to the Commission's request for comments on the proposed policy statement submitted to Congress on May 1, 2006, for reduction of a term of imprisonment in cases presenting "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

On March 15 of this year we testified before the Commission on this proposed policy statement, and pointed out that it did not contain "the criteria to be applied and a list of specific examples," as contemplated by 28 U.S.C. § 994(t). Following our testimony, at the invitation of Judge Castillo, on March 28 we submitted proposed language for a policy statement describing specific criteria for determining when a prisoner's situation warrants sentence reduction under § 3582(c)(1)(A)(i), and giving specific examples of situations where these criteria might apply. Our March 28 submission would also make several other changes in the language of the Commission's proposal, as discussed in our March 15 testimony: it would make clear that the court in considering sentence reduction should concern itself only with a defendant's present dangerousness, and that the court could properly rely on several factors in combination as justification for sentence reduction.

The Commission now has requested specific suggestions for appropriate criteria and examples of extraordinary and compelling reasons for reduction of a term of imprisonment, as well as guidance regarding the extent of any such reduction and modifications to a term of supervised release.

We stand by the proposed criteria and examples in our March 28 submission, which we believe would appropriately implement the congressional mandate to the Commission in 28 U.S.C. § 994t. We incorporate herein the contents of both the March 15 testimony and the March 28 letter, which are attached. We underscore the concern, expressed in both documents, that Congress intended the Commission to develop detailed general policy guidance for courts considering motions under § 3582(c)(1)(A)(i), and courts to make independent judgments pursuant to this policy, rather than simply to defer to case-by-case decision-making by the Bureau of Prisons, as contemplated in the Commission's May 1 policy statement.

The only issue on which the ABA has not in the past expressed a position is the extent of any sentence reduction authorized by § 3582(c)(1)(A)(i), and the court's authority to modify a term of supervised release. We believe that Congress intended a court to have discretion under this section to reduce a term of imprisonment to whatever term it deems appropriate in light of the particular reasons put forward for the reduction. For example, it would be appropriate for a court to reduce a term of imprisonment to time served where sentence reduction is sought because the prisoner is close to death. (It appears that reduction to time served is ordinarily what is sought in a BOP motion, since almost all of the cases it has brought over the past 20 years involve imminent death.) On the other hand, where reduction of sentence is sought on grounds of, *e.g.*, disparity or undue severity, or a change in the law not made retroactive, it would be appropriate for the court to be guided by the facts of the particular case, the government's recommendation, and information provided by or on behalf of the prisoner.\*

In reducing a term of imprisonment, a court may (but is not required to) substitute a term of community supervision equivalent to the original prison term. A 2002 amendment to § 3582(c)(1)(A)(i) makes clear that the court in reducing a term of imprisonment "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." We believe that the period of supervised release originally imposed would remain in effect over and above any period of supervision imposed by the court, since the court's authority under this statute extends only to the term of imprisonment.

We have revised the policy statement submitted with our March 28 letter to add a new provision on the scope of the court's sentence reduction authority, and on its power to substitute a period of supervised release for the unserved portion of the prison term. We have also made several additional revisions in light of comments received from members of the Practitioners Advisory Group, the Federal Defenders, and other interested practitioner groups. The amended policy statement, dated July 12, 2006, is attached hereto.

I also reiterate comments made in our March 15 testimony about the limits of a court's authority under this statute, to allay concerns that it could undercut the core values of

---

\* *Cf. U.S. v. Diaco*, 457 F. Supp. 371 (D.N.J., 1978) (federal prisoner's sentence reduced under predecessor statute to minimum term because of unwarranted disparity among codefendants); *U.S. v. Banks*, 428 F. Supp. 1088 (E.D. Mich. 1977) (sentence reduced to time served because of exceptional adjustment in prison).

certainty and finality in sentencing embodied in the federal sentencing guidelines scheme. The court's jurisdiction under § 3582(c)(1)(A)(i) is entirely dependent upon the government's decision to file a motion. We believe that the government can be counted upon to take a careful course and recommend sentence reduction to the court only where a prisoner's circumstances are truly extraordinary and compelling, and that Congress plainly intended the sentencing court to have authority to respond to such a recommendation. Indeed, the government may find it useful to have specific guidance from the Commission about the options for making a mid-course correction where the term of imprisonment originally imposed appears unduly harsh or unjust in light of changed circumstances. We are confident that BOP's decision to file a motion with the court will be informed not just by its perspective as jailer, but also by the broader perspective of the Justice Department of which it is a part.**

We appreciate the opportunity to provide these comments and hope that they will be helpful.

Respectfully submitted,

*Robert D. Evans*

Robert D. Evans

---

** See David M. Zlotnick, "Federal Prosecutors and the Clemency Power," 13 Fed Sent. R. 168 (2001)(analyzing five commutations granted by President Clinton six months before the end of his term, in four of which the prosecutor either supported clemency or had no objection to the grant).